IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

VS.   CRIMINAL ACTION NO.: 3:17cr72CWR-FKB

JAMISON LAYNE TOWNSEND

---

### ORDER

This matter came before the Court *sua sponte* after a review of the voucher submitted in this case by John Bailey, counsel for Defendant Jamison Layne Townsend, who was indicted for a death eligible offense. The Order appointing Bailey provided that he would be co-counsel with the Federal Public Defender and would be compensated at the maximum allowable rate for capital cases [Doc. #93]. Since that time, the Government has announced its intention not to seek the death penalty against Townsend [Doc. #112]. In accordance with the *Guide to Judiciary Policy*, Vol. 7A, Ch. 6, § 630.30.10, it is incumbent upon the Court to "consider the questions of the number of counsel and the rate of compensation needed for the duration of the proceeding." Unless extenuating circumstances are found, the court should reduce the number of counsel and the rate of compensation.

In considering whether the number of counsel should be reduced, the *Guide* sets out the following factors in § 630.30.20:

    (1) the need to avoid disruption of the proceedings;

    (2) whether the decision not to seek the death penalty occurred late in the litigation;

    (3) whether the case is unusually complex; and

    (4) any other factors that would interfere with the need to ensure effective representation of the defendant.

In determining whether there are extenuating circumstances that argue against reducing the compensation rate, § 630.30.30 sets out the following factors:

(1) the extent to which this representation precludes counsel from taking other work;

(2) the commitment of time and resources counsel has made and will continue to make in the case; and

(3) the need to compensate appointed counsel fairly.

Bailey is the more experienced of Townsend's lawyers in capital litigation. It appears from his vouchers that he has been substantially involved in this matter, particularly with regard to preparing the mitigation case. Because he is physically closer to Townsend's place of incarceration, he also appears to have taken the lead in visiting her and has had several contacts with her family. Moreover, Townsend was indicted in June, 2017, and Bailey was not appointed until May, 2019. At that point, three other private attorneys had withdrawn from the case; in contrast, counsel for Townsend's co-Defendant were appointed a few weeks after the indictment, and they have remained with that case. When Bailey was appointed, he had substantial work to do in a short period of time to get up to speed in this case. Finally, it was not until April, 2021, nearly two years after Bailey's appointment, that the Government announced that it would not seek the death penalty.

The Court finds that the following factors exist that support retaining Bailey as Townsend's counsel at the capital rate. Bailey has had substantial contact with Townsend and her family, and retaining him will prevent disruption in the attorney-client relationship. The decision not to seek the death penalty came late in the litigation, after Bailey had already invested a substantial amount of time representing Townsend, likely to the detriment of obtaining other work. Additionally, as

Bailey's co-counsel is the Federal Public Defender, retaining Bailey does not represent a doubling of representation.   The same factors militate in favor of compensating Bailey at the capital rate.

**IT IS, THEREFORE, ORDERED** that John Bailey will be permitted to continue representing Jamison Layne Townsend, and he is to be compensated at the capital CJA rate.

**IT IS SO ORDERED,** this the 6th day of June, 2021.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE